IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **RAVEN WILLIAMS, D'ANDRE WILKERSON, TIFFANY NEWBURN, DANIELLE POWE, JENNIFER HAMPTON,**           Plaintiffs, v. **ROBERT W. OMAINSKY, WINTZELL'S, INC., FRIED, STEWED, NUDE, INC., WINTZELL'S OYSTER HOUSE,**           Defendants. | **CIVIL ACTION NUMBER: 1:15-cv-00123-WS-N** |

### DEFENDANT WINTZELL'S, INC.'S MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, WINTZELL'S, INC., one of the Defendants in the above-styled action, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(e), and moves this Court to require Plaintiffs to more definitely state their Amended Complaint (Doc. 4). As grounds for a more definite statement of Plaintiffs' claims, Wintzell's, Inc. shows as follows:

### Introduction

Plaintiffs' Amended Complaint (Doc. 4) attempts to state wage claims against four different Defendants on behalf of four Plaintiffs. The Amended Complaint, however, does not allege which Plaintiff worked for which Defendant or any relationship between the various Defendants, but instead lumps all four Defendants together with a generic reference to "Defendants." To further muddy the waters of Plaintiffs' Amended Complaint, Plaintiffs assert a single count for violation of the Fair Labor Standards Act by "Defendants" collectively in which Plaintiffs collectively allude to various potential violations of the FLSA (such as excessive non-tipped work, improper tip-pooling and off-

the-clock work), but do not expressly state which claims they are actually asserting, which Plaintiffs are asserting which of those claims and (again) against which Defendants they are asserting which claims. For these reasons, Plaintiffs should be required to state their claims with greater clarity and precision.

**I.     The Complaint does not allege any factual basis to treat the four Defendants collectively and does not allege any facts establishing an employment relationship between Wintzell's, Inc. and any of the four Plaintiffs.**

Plaintiffs do not allege any basis for considering Wintzell's, Inc. collectively with the other Defendants. The only relationship alleged between the various Defendants is that Robert Omainsky (an individual Defendant) is President of Wintzell's Oyster House (a purported Defendant).[1] Plaintiffs do not allege that there is any common ownership, management, or other relationship between Wintzell's, Inc. and any other Defendant.

As this Court has held, lumping together even a few defendants "is often itself a defect under Rule 8." *Tuck v. Off Shore Inland Marine & Oilfield*, 2013 WL 81135, *4 and n. 8 (S.D. Ala.) (Steele, C.J.); *see also Lane v. Capital Acquisitions Mgmt. Co.*, 2006 WL 4590705, *5 (S.D. Fla.) ("In this case, the Complaint fails to differentiate among the defendants, alleging instead violations by a collective 'defendant,' even though there are five defendants consisting of three individuals and two corporations, one parent and its subsidiary. By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8.").

Plaintiffs are instead obliged to provide a "'factual basis to distinguish [multiple defendants'] conduct.'" *Petrovic v. Princess Cruise Lines, Ltd.*, 2012 WL 3026368, *3

---

[1] In fact, "Wintzell's Oyster House" is not a distinct legal entity capable of being sued, but a brand mark which other entities use with permission.

(S.D. Fla.) (quoting *Lane, supra.*). Especially post-*Iqbal/Twombly*,[2] it is insufficient for plaintiffs to state that they will refer to several defendants collectively. *See Tuck*, 2013 WL 81135, *4; *Watts v. Ford Motor Co.*, 519 Fed. Appx. 584, 587 (11th Cir. 2013) (plaintiff must provide "non-conclusory descriptions of specific, discrete facts of the who, what, when, and where variety.").

To fulfill the requirements of Rule 8, Plaintiffs must identify specific facts and circumstances which show how each Defendant, including Wintzell's, Inc. could bear liability. *See Tuck*, 2013 WL 81135, *4; *Petrovic*, 2012 WL 3026368, *4 (noting that allegations of complaint did not establish that cruise line was plaintiff's employer). Or alternatively, Plaintiffs would need to provide contextual information to establish that Wintzell's, Inc. is sufficiently related to or an agent of Plaintiffs' actual employer(s) such that it could also be liable to Plaintiffs. *See Jackson v. Bank of America, NA*, 578 Fed. Appx. 856, 860 (11th Cir. 2014). Plaintiffs' Amended Complaint fails to make even a cursory attempt at establishing any factual basis on which Wintzell's, Inc. could be liable to any of the Plaintiffs.

**II.   In addition to improperly aggregating Defendants, Plaintiffs have also combined multiple alleged violations of the FLSA into a single Count.**

Complicating the aggregation of Defendants, Plaintiffs' Amended Complaint does not sufficiently delineate which practice or practices they allege violated the FLSA, but instead alludes to multiple possible violations in a single count. This violates Rules 8(a)(2) and 10(b), which "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Grimsley v. Marshalls of MA, Inc.*, 284 Fed. Appx. 604, 610 (11th Cir. 2008) (*citing Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.57 (11th Cir. 2008) (quotation marks omitted)).

Plaintiffs' Amended Complaint is a shotgun pleading as each claim is not clearly identified in a separate count, and each count adopts all the allegations that precede it rather than associating specific factual allegations with each count. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014); *Banks v. Janssen Research & Development, LLC*, 2014 WL 6608340, *5 (S.D. Ala.) (Nelson, J.) (complaint was a shotgun pleading because of adoption of allegations and because several defendants were charged in each count collectively, without distinction) (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)); *and Betts v. Conecuh Cty. Bd. of Educ.*, 2014 WL 7411670, *12 (S.D. Ala.) (Granade, J., adopting Report and Recommendation of Nelson, J.).

When shotgun complaints are permitted to proceed, the discovery process often includes disputes over materiality or is vastly disproportionate to the claims intended; or, worse, could result in a defendant or the Court failing to recognize a claim has been pleaded or a plaintiff believing he has pleaded a claim only to find out months later that he has not. *See, e.g., Paylor, supra.*; *Davis*, 516 F.3d 955, 981 n. 62; *Palmer v. Albertson's, LLC*, 418 Fed. Appx. 885, 889-90 (11th Cir. 2011).

The appropriate response for a defendant facing a complaint "purporting to combine in one count multiple claims of [multiple] plaintiffs" is a motion for more definite

statement pursuant to Rule 12(e). *See Davis*, 516 F.3d 955, 983. It is "exactly backward" for a defendant faced with such a complaint to wait for discovery to determine the exact nature of claims it faces: "[c]ivil pleadings are supposed to mark the boundaries for discovery; discovery is not supposed to substitute for definite pleading." *Paylor*, 748 F.3d 1117, 1127. Based on the current Amended Complaint, it is unclear which Plaintiffs are asserting what claims against which Defendants; Plaintiffs should therefore be required to restate each claim in an individual count and clarify the factual basis for each.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Wintzell's, Inc. prays this Court to require Plaintiffs to clearly identify which wage practices which Plaintiffs allege violate the FLSA and which Defendants are alleged to have committed those violations in separate counts. If Wintzell's, Inc. remains a defendant in an amended complaint, it specifically reserves it's the right to move for dismissal pursuant to FED. R. CIV. P. 12(b).

Respectfully Submitted,

s/Whitney R. Brown
Whitney R. Brown ASB-4431-H71B
Albert L. Vreeland, II ASB-0066-V78A

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jon C. Goldfarb, Esq.
>Daniel Arciniegas, Esq.
>L. William Smith, Esq.
>Rachel L. McGinley, Esq.
>Wiggins, Childs, Pantazis, Fisher,
>& Goldfarb, LLC
>The Kress Building
>301 19th Street North
>Birmingham, AL 35203

I hereby certify that on April 6, 2015, I have served a copy of the foregoing on the following by electronic delivery and via U.S. Mail, properly addressed and postage prepaid:

>Fried, Stewed, Nude, Inc.
>c/o Tammy L. Baker, Esq.
>First Commercial Bank Building
>800 Shades Creek Parkway, Suite 870
>Birmingham, AL 35209
>
>Mr. Robert W. Omainsky
>c/o Tammy L. Baker, Esq.
>First Commercial Bank Building
>800 Shades Creek Parkway, Suite 870
>Birmingham, AL 35209

>s/Whitney R. Brown
>OF COUNSEL

474506