IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAVEN WILLIAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0123-WS-N |
| ) | |
| ROBERT W. OMAINSKY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter comes before the Court on Defendant Wintzell's, Inc.'s Motion for More Definite Statement (doc. 8) and Defendants' Omainsky and Fried Stewed Nude, Inc.'s Motion for More Definite Statement (doc. 13). The Motions have been briefed and are now ripe for disposition.

**I.    Relevant Background.**

Plaintiffs, Raven Williams, D'Andre Wilkerson, Tiffany Newburn, Danielle Powe, and Jennifer Hampton, filed their amended Collective Action Complaint (doc. 4) alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on March 17, 2015.  The Complaint identifies all five plaintiffs as being current or former servers employed at a specific Wintzell's Oyster House restaurant described as the "Downtown Mobile restaurant location," and recites dates of employment for each.  (Doc. 4, ¶¶ 2-6.)  According to the Complaint, plaintiff Newburn also worked at the Wintzell's Oyster House restaurant in Saraland, Alabama during her employment dates.  (*Id.*, ¶ 4.)[1]

---

[1] The Complaint pinpoints the exact location of both restaurants, by specifying an address of 605 Dauphin Street, Mobile, AL 36602 for the "Downtown Mobile location" and an address of 1208 Shelton Beach Road, Saraland, AL 36571 for the "Saraland location."  (Doc. 4, ¶ 9.)  There is thus no ambiguity in the pleading as to the precise Wintzell's locations where plaintiffs claim to have been employed and to have been harmed by alleged FLSA violations.

The following four defendants are named in the Complaint: Robert W. Omainsky; Wintzells, Inc.; Fried, Stewed, Nude, Inc.; and Wintzell's Oyster House. As pleaded, defendant Omainsky is the president of Wintzell's Oyster House, and the other defendants are corporations conducting business in Alabama. (Doc. 4, ¶¶ 7-8.) No other details about the Wintzell's corporate structure, or the relationship (if any) between the different entities are provided. That said, the Complaint specifies that Wintzell's Oyster House has 11 locations, including the Downtown Mobile location, the Saraland location, eight more locations in Alabama (predominantly in the southwestern part of the state), and one location in Pittsburgh, Pennsylvania. (*Id.*, ¶ 9.) The Complaint alleges that each plaintiff "was employed by Defendants (also collectively referred to as 'Wintzell's Oyster House')" during the time period at issue. (*Id.*, ¶ 2.)

After reciting 19 paragraphs of detailed factual allegations (doc. 4, ¶¶ 12-30), the Complaint asserts causes of action against defendants for FLSA violations and unjust enrichment. With respect to the FLSA claim, plaintiffs' pleading identifies several categories of alleged statutory violations, including each of the following: (i) defendants required plaintiffs to participate in an "invalid tip sharing scheme" that included non-tipped employees (dishwashers); (ii) defendants improperly claimed the FLSA tip credit for time that plaintiffs spent performing non tip-producing work at the beginning and end of their shifts; and (iii) defendants routinely instructed servers to clock out if they were close to 40 hours in a given workweek.

Defendants Wintzell's, Inc., Robert W. Omainsky and Fried Stewed Nude, Inc. have all filed Motions for More Definite Statement pursuant to Rule 12(e), Fed.R.Civ.P.[2] The grounds

---

[2] The fourth named defendant, Wintzell's Oyster House, has not filed a Rule 12(e) Motion, and indeed has not appeared at all, despite having purportedly been served with process more than three months ago, on March 16, 2015. (*See* doc. 6.) Defendant Wintzell's, Inc. represents that Wintzell's Oyster House "is not a distinct legal entity capable of being sued, but a brand mark which other entities use with permission." (Doc. 8, at 2 n.1.) If plaintiffs contend otherwise, it is expected that they will file an appropriate application for entry of default against this defendant by no later than **July 20, 2015**; otherwise, plaintiffs should file an appropriate motion or stipulation dismissing that defendant or amending their pleading on or before that same date. Either way, this action cannot proceed indefinitely with defendant "Wintzell's Oyster House" in legal and procedural limbo, having been served with process, not appearing or defending, and yet no default proceedings having been initiated against it. This loose end can and should be addressed now.

for these Rule 12(e) Motions are movants' objections that the Complaint improperly treats all defendants collectively and combines multiple alleged FLSA violations into a single count.

## II.     Analysis.

The Federal Rules of Civil Procedure authorize a defendant to move for a more definite statement only if a pleading to which response is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e), Fed.R.Civ.P.  This standard is intended to – and does – erect a high bar, reflecting the disfavored status of the Rule 12(e) remedy. *See, e.g., Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp.2d 1218, 1221-22 (S.D. Ala. 2005) (motions for more definite statement "are viewed with disfavor and are rarely granted," and are "not a substitute for discovery"); *Austin v. Auto Owners Ins. Co.*, 2012 WL 3101693, *3 (S.D. Ala. July 30, 2012) ("Under clearly established law, motions for more definite statement are disfavored and are confined to such narrow circumstances as 'shotgun pleadings' or unintelligible pleadings, not pleadings that are merely less detailed than a defendant might like.") (collecting cases).  Under settled law, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Fathom*, 352 F. Supp.2d at 1221 (citation omitted).

Movants first balk that the Complaint repeatedly lumps all defendants together, without distinguishing precisely what each defendant is alleged to have done or setting forth any factual allegations establishing an agency relationship between them.  In so objecting, defendants are quite correct that one characteristic of improper "shotgun pleadings" violative of Rule 8 is that they bunch all defendants together in an undifferentiated mass, without distinguishing one defendant's alleged misconduct from the next.  *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Kabbaj v. Obama*, 568 Fed.Appx. 875, 880 (11th Cir. June 13, 2014) (finding improper shotgun pleading where "the complaint refers to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct").

Notwithstanding these authorities, defendants' "shotgun pleading" argument is misplaced with regard to this pleading's failure to distinguish between defendants. In its present form, the Complaint clearly and unambiguously sets forth plaintiffs' position that each of them "was employed by Defendants" (doc. 4, ¶¶ 2-6) and that "[a]t all times relevant to this action, Defendants were the 'employer' of Plaintiffs as defined by § 203(d) of the FLSA" (*id.*, ¶ 11). In other words, plaintiffs are alleging that Wintzell's, Inc., Fried Stewed Nude, Inc., and Wintzell's Oyster House all qualify as their "employer" for FLSA purposes, and that Omainsky may be held liable for these alleged FLSA violations as a corporate officer of Wintzell's Oyster House. This is not a case in which any defendant can reasonably complain that the plaintiff's pleading is so vague and ambiguous that the defendant cannot discern what misconduct or omissions it is being accused of, as opposed to other defendants. As such, the line of authorities generally condemning collective references to defendants in pleadings has no application here.[3]

More to the point, recall that defendants are presenting this issue to the Court through the vehicle of Rule 12(e). To be entitled to relief under that narrowly circumscribed rule, defendants must show that the Complaint is so vague that they cannot respond to it with even a simple denial in good faith. Here, the Complaint pleads the time frame in which each of five named plaintiffs worked at a Wintzell's Oyster House restaurant, identifies the specific location(s) at which he or she worked, and alleges that each defendant qualified as his or her "employer" under the FLSA. Armed with that information (specific as to location, time and employer status), surely each defendant is well equipped to answer the Complaint in good faith as to whether it did or did not employ the plaintiffs and engage in the specified conduct.[4] Simply put, the

---

[3]  Nor do movants bolster their Motion by likening plaintiffs' Complaint against two (or possibly three) corporate defendants to a hypothetical lawsuit by a McDonald's employee who "blindly sue[s] every McDonald's franchisee and their officers because they operate under a common brand." (Doc. 18, at 2.) At this time, the Court has been given no information and no reason to believe that the 11-location, two-state Wintzell's Oyster House operation is analogous to the 35,000-store, 118-country McDonald's enterprise, much less that the corporate hierarchy or franchise structure of the two entities is in any way comparable.

[4]  Defendant Wintzell's, Inc. makes this very point in its reply by conceding that all that is necessary to determine which defendant(s) employed plaintiffs would be to have "Plaintiffs review their own pay stubs … to determine the owner/operator of the locations where they claim to have worked." (Doc. 18, at 2.) Defendants themselves must know the "owner/operator" status of each of the two restaurant locations identified in the Complaint and, to the (Continued)

Complaint's references to defendants collectively do not render that pleading so unclear or imprecise that defendants are unable to frame responsive pleadings.  This is not the kind of circumstance that might warrant application of the rare, disfavored Rule 12(e) remedy.

Next, movants maintain that Rule 12(e) relief is appropriate because "Plaintiffs' Amended Complaint does not sufficiently delineate which practice or practices they allege violated the FLSA."  (Doc. 8, at 3.)  Sure it does.  From a plain reading of the Complaint, there can be no doubt that plaintiffs are alleging that defendants violated the FLSA by running an invalid tip pool (invalid because it included non-tipped dishwashers), claiming the FLSA tip credit for non-tip producing duties identified in extensive detail in the fact section of the pleading, and requiring plaintiffs to clock out when they neared 40 hours in a workweek (the implication being that they were then required to work off the clock).  The Complaint includes 19 paragraphs of detailed supporting factual allegations concerning these alleged violations, including a comprehensive description of the tip pool system, an explanation of why plaintiffs believe it to be illegal, and enumeration of literally dozens of activities / assigned non-tip producing duties that plaintiffs claim they were required to perform.  Defendants cannot reasonably claim to be unable to discern from the Complaint "which practices or practices" plaintiffs contend are in violation of the FLSA.

Nor do movants strengthen their position by complaining that the singular FLSA count of the Complaint includes multiple alleged violations, rather than separating each alleged violation into a separate numbered count.  Such an objection elevates form over substance.  In the circumstances presented here, inclusion of multiple alleged FLSA violations in a single count in no way renders the Complaint an inscrutable "shotgun pleading" to which defendants cannot reasonably form a response in good faith.  Simply put, the Court will not employ the narrow, disfavored Rule 12(e) remedy to require plaintiffs to file a new complaint that subdivides their one clearly pleaded FLSA claim into three FLSA subclaims based on unfounded "shotgun pleading" objections.  Defendants cannot credibly be heard to complain that the Complaint disadvantages them by placing them in a situation in which each defendant cannot "determine

---

extent they equate owner/operator status with "employer" for FLSA purposes (as they appear to be arguing), can answer plaintiffs' pleading effectively.

the exact nature of claims it faces." (Doc. 8, at 5.) The Complaint is not an improper shotgun pleading. *Compare Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996) (shotgun pleading is one in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

This is not a case in which plaintiffs' pleading merely "presented generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA by the defendants." *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). The Complaint identifies specific plaintiffs; recites their job titles, duties, dates of employment, and restaurant locations; asserts that all defendants qualify as their "employer" for FLSA purposes; and enumerates specific practices (with detailed supporting facts) that plaintiffs contend violated the FLSA. Nothing further is required to bring this pleading into compliance with Rule 12(e).

## III. Conclusion.

For all of the foregoing reasons, defendants' Motions for More Definite Statement (docs. 8 & 13) are **DENIED**. Defendants Robert W. Omainsky, Wintzell's, Inc., and Fried Stewed Nude, Inc. are **ordered** to file responsive pleadings by no later than **July 15, 2015**. As for defendant Wintzell's Oyster House, if that defendant has yet to appear or defend by **July 20, 2015**, then plaintiffs must file either (i) an appropriate application for entry of default against this defendant; or (ii) an appropriate motion or stipulation dismissing that defendant or amending their pleading on or before that same date. Failing such action, the Court will assume that plaintiffs intend to abandon their claims against defendant "Wintzell's Oyster House," and will promptly dismiss same.[5]

DONE and ORDERED this 1st day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] All movants state in their Rule 12(e) Motions that they "specifically reserve their right to move for dismissal pursuant to Fed. R. Civ. P. 12(b)." (Doc. 13, at 2; doc. 8, at 5.) To avoid needlessly dragging out preliminary motion practice, they could and should have combined their Rule 12(b) objections with their Rule 12(e) objections. At any rate, to the extent that defendants would revive the *Twombly / Iqbal* objections framed in their unsuccessful Rule 12(e) Motions, this time in the form of Rule 12(b) motions, such motions will be summarily denied. Defendants' previously-stated objections to the adequacy of plaintiffs' pleading are unavailing whether couched in the terminology of Rule 12(e) or Rule 12(b).