IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAVEN WILLIAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0123-WS-N |
| ) | |
| ROBERT W. OMAINSKY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Joint Motion to Approve Settlement (doc. 69) filed by plaintiffs and defendant Wintzell's, Inc., and on the Motion for Leave to File Sur-Reply (doc. 66) filed by defendants Fried Stewed Nude, Inc. and Robert W. Omainsky. Both Motions are ripe for disposition.[1]

Plaintiffs brought this opt-in collective action against defendants, Robert W. Omainsky, Fried Stewed Nude, Inc., and Wintzell's, Inc., alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), at certain Wintzell's Oyster House restaurants. Plaintiffs' Motion for Conditional Certification is pending. On October 23, 2015, however, plaintiffs announced that they were finalizing a settlement with defendant Wintzell's, Inc. (*See* doc. 63.) On October 9, 2015, plaintiffs and Wintzell's, Inc. filed a Joint Motion to Approve Settlement. That filing, as supplemented, sets forth the sort of detailed explanation of the circumstances, terms and mechanics of the settlement that Congress and the federal courts have required in the FLSA context. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (reciting general rule that FLSA's "provisions are not subject to

---

[1] An Order (doc. 72) entered on November 12, 2015 directed plaintiffs and defendant Wintzell's, Inc. to provide certain supplemental information about their settlement, which they have now done. (*See* doc. 76.) The November 12 Order also afforded the other defendants, Fried Stewed Nude, Inc. and Robert W. Omainsky, an opportunity to respond to the Joint Motion to Approve Settlement should they wish to do so. Those defendants elected to remain silent.

negotiation or bargaining between employers and employees" but that "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness"). The touchstone of the inquiry is whether the proposed settlement "constitutes a fair and reasonable compromise of a *bona fide* FLSA dispute." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, *3 (S.D. Ala. Feb. 14, 2013). Of course, in performing such a *Lynn's Food* analysis, "courts should be mindful of the strong presumption in favor of finding a settlement fair." *Parker v. Chuck Stevens Chevrolet of Atmore, Inc.*, 2013 WL 3818886, *2 (S.D. Ala. July 23, 2013) (citations and internal quotation marks omitted). That presumption is particularly robust and compelling where, as here, the proposed settlement is the product of arm's-length negotiations by experienced counsel following the exchange of relevant records, information, calculations and arguments. (*See* doc. 69, at ¶¶ 8 & 11.)[2]

The Joint Motion to Approve Settlement demonstrates that, as between plaintiffs and defendant Wintzell's, Inc., there is indeed a *bona fide* FLSA dispute. Wintzell's, Inc. has identified factual and legal defenses to plaintiffs' claims that appear to be, at a minimum, colorable and reasonably asserted. Moreover, Wintzell's, Inc. and plaintiffs appear to be in agreement that Wintzell's, Inc. is no more than a minor player in this FLSA action given that (i) "[a]ll plaintiffs have worked exclusively at the Downtown Mobile or Saraland locations" of Wintzell's Oyster House; (ii) Wintzell's, Inc. sold those locations (as well as the West Mobile location) to an unrelated licensee, defendant Fried Stewed Nude, Inc., on November 5, 2012, following which employees of those restaurants were no longer employed by Wintzell's, Inc.; and (iii) Tiffany Newburn (who was added as a plaintiff with the filing of the First Amended Complaint (doc. 4) on March 17, 2015)[3] is the only plaintiff who was employed by Wintzell's,

---

[2] *See, e.g., Crabtree*, 2013 WL 593500, at *3 ("in the absence of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement and … if the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable") (citation and internal marks omitted).

[3] Plaintiffs filed a "Consent to Join Form" (doc. 48) on behalf of Tiffany Newburn on September 22, 2015; however, Newburn had already been joined as a named plaintiff in these proceedings via pleading filed more than six months earlier.

Inc. as a server during the three-year period before becoming a party to this action. In addition to Newburn, Sonja Curry (who filed a Consent to Join Collective Action Form on August 5, 2015 (*see* doc. 30, Exhs. 3 & 4)) was employed by Wintzell's, Inc. as a server during the relevant three-year period. No other original or opt-in plaintiffs have been identified by any party as having been employed by Wintzell's, Inc. during the requisite three-year look-back period for FLSA purposes; thus, Newburn and Curry are the only parties to this action with potentially viable wage claims against this defendant relating to tip credit eligibility. These agreed facts, taken in concert, drastically circumscribe Wintzell's, Inc.'s potential liability, and plaintiffs' proposed recovery from that defendant, in these proceedings.

The Joint Motion and supporting filings reflect that this action does, indeed, involve a *bona fide* FLSA dispute between plaintiffs and Wintzell's, Inc. Among other areas of divergence, there appears to be a good-faith factual dispute between these parties as to whether Wintzell's, Inc. was entitled to claim the tip credit for all or any particular weeks of the relevant time period; whether a three-year limitations period or a two-year limitations period applies; and whether an award of liquidated damages would be appropriate even if plaintiffs were to prevail on the merits against Wintzell's, Inc. All information before the Court at this time supports a determination that plaintiffs' FLSA claims against Wintzell's, Inc. were actually, reasonably contested, thereby giving rise to the possibility of a *Lynn's Food* compromise settlement of those disputed claims.

Against this backdrop of litigation uncertainty, the parties negotiated a settlement to resolve the plaintiffs' FLSA claims against Wintzell's, Inc. in their entirety. The Supplement (doc. 76) filed by the settling parties confirms that plaintiffs Newburn and Curry will receive the full value of their claims. In particular, the Supplement reflects that (i) Newburn's claim is for $5 per hour (the difference between $7.25 minimum wage and the $2.25 wage she was actually paid) for each of the 554.03 hours she worked as a server for Wintzell's, Inc. during the relevant three-year period, plus liquidated damages; (ii) the agreed settlement payment to Newburn will be $2,770.15 in back pay (554.03 x $5.00), plus an additional $2,770.15 in liquidated damages; (iii) Curry's claim is for $5 per hour for each of the 109.58 hours she worked as a server for Wintzell's, Inc. during the relevant three-year period, plus liquidated damages; and (iv) the agreed settlement payment to Curry will be $547.90 in back pay (109.58 x $5.00), plus an additional $547.90 in liquidated damages. (Doc. 76, ¶¶ 16-17; doc. 69, Exh. A.) In light of this

full-value recovery, plus written representations by both Newburn and Curry that they voluntarily consent to the settlement after having had a full opportunity to consult with counsel (doc. 69, Exhs. B-1 & B-2) and that they have had an informed opportunity to review relevant records and calculations relating to their claims (doc. 69, ¶ 8), the Court has no reservations about accepting this portion of the settlement as fair and reasonable to plaintiffs. After all, the settlement results in plaintiffs receiving every penny that they claim Wintzell's, Inc. owes them, such that their FLSA claims against that defendant are effectively being paid in full. Accordingly, the undersigned is satisfied that the parties' agreed-upon settlement amount is a fair and reasonable resolution of a *bona fide* dispute as to plaintiffs' FLSA causes of action against Wintzell's, Inc., for purposes of *Lynn's Food* and its progeny. There being no uncontested wages remaining unpaid as to this defendant, plaintiffs are plainly receiving a fair deal as to all claims that are the subject of *bona fide* controversy.

Two other aspects of the proposed settlement warrant examination. First, both Newburn and Curry signed broad waivers and general releases in favor of Wintzell's, Inc. Such pervasive releases are controversial in the FLSA settlement context. *See, e.g., Crabtree v. Volkert, Inc.*, 2013 WL 593500, *5 (S.D. Ala. Feb. 14, 2013) ("The practice of including such pervasive releases in FLSA settlement agreements has sparked the ire of certain district courts."). The concern that pervasive releases engender in the FLSA settlement context is that plaintiffs will unknowingly or involuntarily surrender rights to pursue other viable claims against a defendant in order to obtain payment of FLSA wages that they are owed by law, effectively cheapening or discounting the settlement below its true value under the FLSA. Nonetheless, this Court is among those that have approved FLSA settlements containing such releases where (i) the releases were not leveraged from uninformed, vulnerable plaintiffs who failed to appreciate the value of that concession; and (ii) full FLSA compensation was not effectively diluted by plaintiffs' assent to their releases. *Id.* at *6. The settling parties have adequately demonstrated that Newburn and Curry knowingly, voluntarily agreed to execute those releases in favor of Wintzell's, Inc.; that no one is aware of any other potentially viable claims that Newburn or Curry have or might have against Wintzell's, Inc.; and that neither of them has worked for Wintzell's, Inc. in more than two years, such that there is no ongoing employment or other relationship between Wintzell's, Inc. and Newburn or Curry that might support non-FLSA claims against Wintzell's, Inc. at this time. Based on these particularized circumstances, the

Court finds that the broad releases executed by Newburn and Curry represent a fair, knowing compromise of the risk that other accrued, unknown claims may someday surface, without diminishing the value of the FLSA settlement proceeds being paid to plaintiffs.  In short, such releases in no way render the settlement unfair or unreasonable under *Lynn's Food*.

Second, the Court must also consider the reasonableness of the negotiated attorney's fee component of this FLSA settlement.  *See, e.g., Crabtree*, 2013 WL 593500, at *7 ("a court reviewing an FLSA settlement must review the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement") (citation and internal quotation marks omitted).  Here, all indications before the Court are that the FLSA compensation portion of the settlement was negotiated independently of the attorney's fee component.  Thus, there is no zero-sum game here in which each settlement dollar allocated to plaintiffs' counsel reduces plaintiffs' FLSA compensation by a dollar.  Indeed, the settling parties have jointly represented that "Plaintiffs' recovery was not adversely affected by the separately negotiated amount of attorney fees and costs to be paid to Plaintiffs' counsel." (Doc. 69, at 3 n.1.)  Moreover, as to the amount, the parties have agreed that Wintzell's, Inc. will pay attorney's fees and costs to plaintiffs' counsel in the amount of $5,185, calculated as a *pro rata* share of the total, non-severable fees and costs accrued by plaintiffs' counsel in litigating this matter to date.  (*Id.* at 3.)  The parties' stated methodology for computing the share of attorney's fees and costs properly allocable to Wintzell's, Inc. (and therefore properly included in the settlement) appears sound, fair and reasonable.  As such, the Court is satisfied that the proposed attorney's fee payment to plaintiffs' counsel constitutes adequate, reasonable compensation and that plaintiffs' recovery from Wintzell's, Inc. was neither tainted nor otherwise adversely affected by the fee award negotiated by their attorneys.

In sum, upon conducting the review required by *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Court finds that the proposed settlement is a fair and reasonable resolution of a *bona fide* FLSA dispute.  The Court has also reviewed the proposed attorney's fee award, and finds same to be reasonable under governing standards and not to undermine the fairness or reasonableness of the overall settlement.  Accordingly, and for the additional reasons specified herein, the Joint Motion to Approve Settlement (doc. 69) is **granted**.  The proposed settlement of plaintiffs' claims against defendant Wintzell's, Inc. is **approved**.  In accordance

with the requirements of *Lynn's Food*, a stipulated final judgment will be entered as to the settled claims.  The Clerk of Court is **directed** to terminate Wintzell's, Inc. as a party defendant.  This action will proceed as to all plaintiffs' claims against the remaining defendants, Robert W. Omainsky and Fried Stewed Nude, Inc.

Also pending as this time is the remaining defendants' Motion for Leave to File Sur-Reply (doc. 66) concerning plaintiffs' Motion for Conditional Certification.  For cause shown, the Motion for Leave to File Sur-Reply is **granted**.  Defendants Omainsky and Fried Stewed Nude may file a sur-reply, not to exceed seven (7) pages in length, in further opposition to the Motion for Conditional Certification on or before **December 3, 2015**, at which time said Motion for Conditional Certification will be taken under submission.

DONE and ORDERED this 24th day of November, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE